## BLACKWELL HOLT *v.* THE STATE.

DISTURBING PUBLIC WORSHIP. *Indictment for. Sec. 4,853 of the Code construed.* Charge of the Court below: "The purpose of the act of assembly is to protect worshiping assemblies from interruption, and under the term, every worshiping assembly is entitled to protection from all rude and indecent behavior, at or near their place of worship; and if you find, from the evidence, that the defendant indulged in any indecent or improper conduct, so near the worshiping assembly as to attract the notice and attention of persons who were present as a part of the assembly, then under such a state of facts, if they exist, the defendant would be guilty, and this would be so, whether the witnesses say they would be disturbed or not. The gravamen of the offense is, the indulgence of improper conduct, and the attracting of the attention of any part of the assembly thereby; and when these facts concur, the offense is complete."

Blackwell Holt *v.* The State.

*Held,* that the charge sets forth the object and meaning of the statute, with entire accuracy and clearness. The verdict was well sustained by the facts, and the judgment is in accordance with the law, and is affirmed.

FROM CANNON.

Appeal from the Circuit Court. A. S. MARKS, presiding by interchange.

No briefs were filed.

NICHOLSON, Ch. J., delivered the opinion of the Court.

Blackwell Holt was indicted and convicted in the Circuit Court of Cannon County, for "disturbing a worshiping assembly at Hopewell Church, by noise, profane discourse, and indecent behavior."

Two witnesses testify, that while worship was going on at Hopewell Church, in the night-time, Holt was outside the house, near the door; that it was dark, and defendant came around some six or eight feet from the door, and seemed to be shuffling his feet on the ground, or something like he was dancing, and appeared like he had been drinking; but they did not know that he had drank any thing. He used no loud talk, or any thing of the sort. Witness did not know that any one was disturbed in the house or out of the house; that witnesses were not disturbed, but that their attention was attracted by what was done. The dancing of defendant attracted their attention.

13

Defendant was indicted under Sec. 4,853 of the Code, which enacts, that "if any person wilfully disturb or disquiet any assemblage of persons met for religious worship, by noise, profane discourse, rude or indecent behavior, or any other act, at or near the place of worship, he should be fined," etc.

The case was tried before Chancellor Marks, sitting by interchange with Judge Williamson. He charged the jury as follows:

The purpose of the Act of Assembly is to protect worshiping assemblies from interruption, and, under the law, every worshiping assembly is entitled to protection from all rude and indecent behavior, at or near their place of worship; and if you find from the evidence that the defendant indulged in any indecent or improper conduct, so near the worshiping assembly as to attract the notice and attention of persons who were present as a part of the assembly—then, under such a state of facts, if they exist, the defendant would be guilty; and this would be so, whether the witnesses say they were disturbed or not. The gravamen of the offense is, the indulgence of improper conduct, and the attracting of the attention of any part of the assembly thereby; and when these facts concur the offense is complete."

Under this charge, as applicable to the proof, the jury found the defendant guilty.

We hold that the charge sets forth the object and meaning of the statute, with entire accuracy and clearness. The verdict was well sustained by the facts,

and the judgment is in accordance with the law, and is affirmed.